## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

**JENNA BONANNO-OGUNEYE**, an individual,

Plaintiff,

v.

**THE SCHOOL BOARD OF LEE COUNTY, FLORIDA**, a political subdivision of the State of Florida,

Defendant.

**CIVIL ACTION**

**Case No.  2:19-cv-555**

**Judge:**

**Mag. Judge:**

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **JENNA BONANNO-OGUNEYE** ("Bonanno-Oguneye" or "Plaintiff"), by and through undersigned counsel, and states the following for her Complaint:

### CAUSES OF ACTION

1.      This is an action brought under the federal Rehabilitation Act of 1973 ("Rehab Act"), as amended, for disability discrimination.

### PARTIES

2.      The Plaintiff, **JENNA BONANNO-OGUNEYE** ("**BONANNO-OGUNEYE**") is an individual, a United States citizen and at all relevant times has been, and is, domiciled within Lee County, Florida.

3.      Defendant, **THE SCHOOL BOARD OF LEE COUNTY, FLORIDA** ("Defendant") is a political subdivision of the state of Florida and oversees the public school system in and for Lee County, Florida. The Defendant was **BONANNO-OGUNEYE**'s employer.

1

The Defendant receives in excess of $1,000,000.00 annually from the federal government in financial assistance.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction of this matter under 28 U.S.C. §1331.

5.      Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since the action accrued in Lee County, which is within the Fort Myers Division.

## GENERAL ALLEGATIONS

6.      **BONANNO-OGUNEYE** began her employment with the Defendant in September 2016 as a teacher and was most recently employed at Mariner Middle School.

7.      **BONANNO-OGUNEYE** always performed her assigned duties in a professional manner and was very well qualified for her position.

8.      **BONANNO-OGUNEYE** always received positive performance reviews until she disclosed her disabilities to the Defendant.

9.      Section 504 of the Rehab Act prohibits recipients of federal financial assistance from discriminating against qualified individuals with disabilities in employment.

10.     **BONANNO-OGUNEYE** is a qualified person with a disability as she has an impairment of the neurological system – fibromyalgia - which limits her ability to perform certain major life activities, including concentrating, walking, general mobility, lifting and standing for long periods of time when not in remission.

11.    **BONANNO-OGUNEYE** has a history of these impairments that limits major bodily functions and several major life activities. **BONANNO-OGUNEYE**'s impairments qualify as a disability as that term is defined under 28 C.F.R. §36.104(iii).

12.    During the 2018-19 school year, **BONANNO-OGUNEYE** began experiencing flare-ups of her disability, sometimes causing migraine headaches, body aches and/or fatigue, which she disclosed to the Defendant in addition to providing medical documentation substantiating the same.

13.    During a flare up, **BONANNO-OGUNEYE** required a brief break in order for her flare up to subside, which would allow her to perform the essential functions of her position without a reasonable accommodation.

14.    On April 10, 2019, **BONANNO-OGUNEYE** was present in her classroom teaching her class when she felt a flare up coming on.

15.    She immediately notified the in-room teacher's assistant and provided her with instructions to carry on the lesson plan during **BONANNO-OGUNEYE**'s brief absence.

16.    She then retreated to a dark space to lay down, which she did for approximately 10-minutes.

17.    However, her supervisor then burst into the classroom and located **BONANNO-OGUNEYE**, accusing her of sleeping on the job.

18.    **BONANNO-OGUNEYE** immediately explained that she was suffering a flare up and that her short break was part of her need for a reasonable accommodation.

19.    Notwithstanding the fact that on March 25, 2019 the Defendant renewed **BONANNO-OGUNEYE**'s annual contract for the 2019-20 school year, the Defendant suddenly

informed her that her contract was not renewed and that she was to be involuntarily separated from her employment with the Defendant.

20.     The Defendant did not return **BONANNO-OGUNEYE** to work thereafter.

21.     The Defendant terminated **BONANNO-OGUNEYE**'s employment because of her disability.

## <u>COUNT I – VIOLATION OF THE REHAB ACT, AS AMENDED</u>

22.     Plaintiff incorporates by reference Paragraphs 1-21 of this Complaint as though fully set forth below.

23.     At all relevant times, **BONANNO-OGUNEYE** was an individual with a disability within the meaning of the Rehab Act.

24.     Specifically, **BONANNO-OGUNEYE** has physical impairments that substantially limit one or more of her major life activities and bodily functions, has a record of the impairment, and is regarded by the Defendant as having such impairments.

25.     **BONANNO-OGUNEYE** is a qualified individual with disabilities as that term is defined in the Rehab Act.

26.     **BONANNO-OGUNEYE** is an individual who, with or without reasonable accommodation, at all relevant times could perform the essential functions of her job with the Defendant.

27.     At all material times, **BONANNO-OGUNEYE** was an employee and the Defendant was her employer covered by and within the meaning of the Rehab Act.

28.     The Defendant was made aware and was aware of **BONANNO-OGUNEYE**'s disabilities, which qualify under the Rehab Act.

29.     The Defendant discriminated against **BONANNO-OGUNEYE** with respect to her terms, conditions, and privileges of employment because of her disabilities.

30.     The Defendant conducted itself with malice or with reckless indifference to **BONANNO-OGUNEYE**'s federally protected rights.

31.     The Defendant discriminated against **BONANNO-OGUNEYE** in violation of the Rehab Act by interfering with her enjoyment of all benefits, privileges, terms, and conditions of her employment.

32.     The conduct of the Defendant altered the terms and conditions of **BONANNO-OGUNEYE**'s employment and **BONANNO-OGUNEYE** suffered negative employment action in the form of discipline and termination.

33.     As a direct and proximate result of the violations of the Rehab Act, as referenced and cited herein, **BONANNO-OGUNEYE** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path that was anticipated from her employment.

34.     As a direct and proximate result of the violations of the Rehab Act as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **BONANNO-OGUNEYE** is entitled to all relief necessary to make her whole.

35.     As a direct and proximate result of the Defendant's actions, **BONANNO-OGUNEYE** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing the Defendant to cease and desist from all disability discrimination of all employees;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

vii. Compensatory damages, and;

viii. Such other relief as this Court shall deem appropriate.

**<u>DEMAND FOR JURY TRIAL</u>**

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, the Plaintiff demands a trial by jury as to all issues triable as of right.

Respectfully submitted,

Dated: August 6, 2019       **s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
Yormak Employment & Disability Law
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com